FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 SEP -9 PM 12: 23

CLERK C. Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WAYNE BERNARD TURNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 113-129 |
| | ) | (Formerly CR 111-082) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at the satellite camp of the Federal Correctional Institution in Estill, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

I.  **BACKGROUND**

On July 20, 2011, Petitioner pleaded guilty to one count under 18 U.S.C. § 922(g)(1), felon in possession of a firearm. United States v. Turner, CR 111-082, doc. nos. 49, 50 (S.D. Ga. July 20, 2011) (hereinafter "CR 111-082"). On December 22, 2011, United States District Judge J. Randal Hall sentenced Petitioner to a 51-month term of imprisonment. (Id., doc. no. 62.) Petitioner did not file a direct appeal. Thereafter, he filed with the Court the instant motion pursuant to 28 U.S.C. § 2255, signed by him on July 29, 2013, and docketed by the Clerk of the Court on August 5, 2013. (Doc. no. 1.) In his motion, Petitioner alleges

that he received ineffective assistance of counsel in entering his plea agreement, and based on his counsel's failure to object to sentence enhancements stemming from past charges. (Id. at 7-14.)

## II. DISCUSSION

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment and conviction was entered on December 22, 2011, and as no direct appeal was filed, his conviction and sentence became final fourteen days later. See Fed. R. App. P. 4(b)(1). Thus the instant motion, filed over a year and a half later, is untimely under § 2255(f)(1). Additionally, Petitioner does not allege any facts that would qualify him for a later statute of limitations under § 2255(f)(2), (3), or (4).

Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head,

2

219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving he is entitled to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner's only explanation for why he is entitled to equitable tolling is that he realized his attorney's alleged mistakes only after listening to and speaking with others in his institution. (Doc. no. 1, p. 16.) Petitioner's explanation does not embody the "truly extraordinary circumstances" that must be shown in order to justify equitable tolling, Johnson, 340 F.3d at 1226, nor does it exhibit any sort of diligent pursuit of his rights or any "extraordinary circumstances" that somehow prevented him from timely filing the instant motion. Lawrence, 549 U.S. at 336.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

Here, Petitioner has not presented any evidence, much less new evidence, to suggest

that he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Therefore, the actual innocence exception does not save the instant petition from being time-barred under AEDPA.

In sum, Petitioner has offered no reason to suggest that AEDPA's statute of limitations began to run or was reset at any point within the one-year period preceding the filing of his § 2255 motion. Moreover, Petitioner has not satisfied the requirements for equitable tolling, and he has not presented any arguments to support a claim of actual innocence. Accordingly, the instant motion is time-barred under AEDPA's one-year statute of limitations.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations, and thus **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of September, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE